By the Court.—Sedgwick, J.
As the promise by defendant was to pay in advance, probably it was *480 not material to the plaintiff’s cause of action to aver that there had been performance of what his assignor had promised to do after the payment was to be made. The subsequent non-performance, if there were such, was to be pleaded by defendant, to show that the consideration had failed, or as a counter-claim. But on the trial, no regard was had to the pleadings, and the important question was whether the proof showed that plaintiff’s assignor Jacobs had advertised for the second quarter as he had agreed.
On this question of fact, the referee found at first, that Jacobs had performed for the second quarter, but in answer to a request of defendant he found that “it was necessary for Jacobs to have made substantial performance during the second quarter, and that he did so perform.” On looking at the testimony it will be found, that the points of non-performance, as proved affirmatively, were these, that during the second quarter one of the papers in the list had omitted the advertisement, in one of its issues, and another in seven consecutive issues. Perhaps an omission for one or two or three weeks, against a contract made by Jacobs with the papers, would be of such comparative unimportance that there might be said to be a substantial compliance, if that were the only omission. But when there has been no advertisement for seven weeks, the default is not trifling, but is important to the interests of the defendant, and from it springs the inference that Jacobs was negligent, or intentionally in fault. It is suggested that the proof did not show that the paper which was produced and which did not have the advertisement for seven weeks, was on the list. But this does not seem correct. The name of the paper as given by the witness is not on the list. The witness however swore that it was one of the list, and the papers were introduced in evidence. It was probably the fact that the witness made a verbal slip.
*481 Coupled with this direct evidence, Jacobs, as a witness, failed to prove that the advertisement had been in all the papers. Although he swore on his direct examination that he put the advertisement in thirty-four papers, and that it was in all of them for six months to his own knowledge; yet he also swore that he had received himself the issues of but twenty papers, and gives an unsatisfactory account as to the other ten. It is clear that he had seen only a part of these ten occasionally, and some he had not seen at all. To me, the evidence does not show that there was a substantial performance, and for this reason the judgment should be reversed.
The judgment in the marine court, as admitted by the pleading, established the existence and validity of the contract, and also that the second list of papers had been competently substituted for the first.
The form of the so-called “notices” and their situation as advertised by Jacobs was sufficient.
The judgment should be reversed, a new trial ordered, and the order of reference vacated, with costs to appellant to abide the event.
Speir and Freedman, JJ., concurred.